## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, *et al.*, | : : : | |
| | : | Case No. 3:21-cv-59 |
| Plaintiffs, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | |
| JAMIE NEELY, individually and on behalf of minors, B.N. and W.N., *et al.*, | : : | |
| | : | |
| Defendants. | : | |

## ENTRY AND ORDER SETTING BRIEFING SCHEDULE CONCERNING SUBJECT-MATTER JURISDICTION

This is a statutory interpleader action before the Court *sua sponte*. For the reasons set forth below, the Court has concerns that it lacks subject-matter jurisdiction of this action. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) ("subject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself"). Following the Court's September 30, 2021 conference with the parties in which it expressed these concerns (as well as other concerns), the Court agreed to explain its concerns regarding subject-matter jurisdiction in a written order and allow the parties to respond in a written brief to the Court's concerns about subject-matter jurisdiction.

"Interpleader may be invoked in the federal courts via [Federal Rule of Civil Procedure] 22 or via the Interpleader Act, 28 U.S.C. § 1335." *United States v. High Tech. Prods.*, 497 F.3d 637, 641 n.1 (6th Cir. 2007). "An interpleader action typically proceeds in two stages." *Id.* at 641.

"During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id.* "During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *Id.*

Although many "general principles … apply to both rule and statutory interpleader" (*High Tech Prods.*, 497 F.3d at 641 n.1), there are differences—including their jurisdictional prerequisites.  For statutory interpleader, Section 1335 states, in part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> …
>
>> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a)(2).  Thus, one of the jurisdictional requirements under Section 1335 is that "the plaintiff has deposited [into the registry of the court] … the amount due under such obligation" that is at issue, or "has given bond payable to the clerk of the court …."  28 U.S.C. § 1335(a)(2). In other words, "it is a condition on jurisdiction under the statute that the stakeholder deposit with the registry of the court the money or property that is the subject of the multiple claims, or that the

2

stakeholder give a bond in a sufficient amount to insure compliance with any future order or judgment of the court in the action." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1716 (3d ed); *see also Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 485 (E.D.N.Y. 2019) ("the deposit requirement is not optional; without a deposit or bond, the Court does not have subject matter jurisdiction and thus has no authority to hear the dispute").

Plaintiffs, The Western and Southern Life Insurance Company and Western-Southern Life Assurance Company (the "Plaintiffs"), filed a Complaint for Interpleader on February 22, 2021. (Doc. No. 1.) In the Complaint, Plaintiffs state that "[t]his is an action for interpleader pursuant to 28 U.S.C. § 1335(a)(1), in which the defendants are, upon information and belief, adverse claimants to the proceeds of seven policies issued by Plaintiffs to Barbara J. Neely," deceased. (*Id.* at PageID 2.) According to the Court's records, Plaintiffs did not deposit with the Court any of the proceeds of those alleged seven policies or give any bond to the Clerk of the Court upon instituting the lawsuit. To date, according to the Court's records, Plaintiffs have still never deposited any of the alleged policy proceeds at issue into the registry of the Court or given any bond payable to the Clerk of the Court. Additionally, there was no indication during the September 30, 2021 conference call with the Court that Plaintiffs have ever done so. (Plaintiffs also never filed a motion to do so.)

In short, the Court believes that Plaintiffs have not fulfilled the requirement set forth in 28 U.S.C. § 1335(a)(2) and, therefore, this Court does not have jurisdiction of this statutory interpleader action. However, caselaw and other legal authority show that the Court may give Plaintiffs an opportunity to comply with this jurisdictional requirement before dismissing the action. *See, e.g.,* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and

Procedure § 1716 (3d ed) ("[t]he case will not proceed unless this jurisdictional requirement is satisfied, although the court generally will give the stakeholder a second opportunity to comply before dismissing the action"); *Madison Stock Transfer*, 368 F. Supp. 3d at 486-87 (giving the party seeking interpleader 30 days to make the required deposit); *Taylor v. Metro. Life Ins. Co.*, No. 2:11-cv-02364-JPM-cgc, 2011 U.S. Dist. LEXIS 172288, 2011 WL 13233861, at *2 (W.D. Tenn. Dec. 28, 2011) (granting party leave to correct the jurisdictional defect of failing to deposit the policy benefits with the court). Otherwise, in accordance with Rule 12(h)(3), the Court believes that it must dismiss this case, without prejudice to refiling, because it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003) ("Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint sua sponte for lack [of] subject matter jurisdiction"); *RSL Funding, LLC v. Saucier*, No. 1:09CV300-HSO-JMR, 2010 U.S. Dist. LEXIS 12883, 2010 WL 384529, at *2 (S.D. Miss. Jan. 27, 2010) (dismissing statutory interpleader case, without prejudice, *sua sponte* where, among other things, Plaintiffs "failed to actually deposit the fund into the registry of the Court, which is a jurisdictional prerequisite to suit under the interpleader statute, 28 U.S.C. § 1335").

The Court **ORDERS** that Plaintiffs file a brief on or before 14 days from the issuance of this Order that either explains why they believe this Court has subject-matter jurisdiction over this action <u>or</u> asks this Court to grant them leave to fulfill the requirement set forth in 28 U.S.C. § 1335(a)(2) <u>or</u> informs this Court that they agree this Court does not have subject-matter jurisdiction and do not seek leave for an opportunity to comply before dismissal of the case. The Court also **GRANTS** Defendants leave to file a brief (if they so choose), on or before 14 days from the issuance of this Order, concerning the issue of subject-matter jurisdiction. After the 14-day

briefing period has expired and the Court has reviewed the brief(s), the Court will issue an order

regarding subject-matter jurisdiction.

      **DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 30, 2021.

                        s/Thomas M. Rose

                  _____

                       THOMAS M. ROSE
               UNITED STATES DISTRICT JUDGE