IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THE WESTERN AND SOUTHERN     :    Case No. 3:21-cv-00059
LIFE INSURANCE COMPANY, et al.    :
                                  :    Judge Thomas M. Rose
       Plaintiffs,          :
                                    :
vs                                        :
                                    :
JAMIE NEELY, individually and on     :
behalf of minors, B.N. and W.N., et al.    :
                                    :
       Defendants.

## AGREED ORDER FOR DISBURSEMENT OF INTERPLEADER FUNDS AND DISMISSAL OF ALL CLAIMS WITH PREJUDICE

This matter comes before the Court in this interpleader action. The Court is advised by the parties hereto that plaintiffs, The Western and Southern Life Insurance Company ("WSLIC") and Western-Southern Life Assurance Company ("WSLAC") (collectively, "Plaintiffs"), and defendants, Jamie Neely, individually and on behalf of minors, B.N. and W.N., Jeremy Neely, Robbin Neely, Anthony Niacaris, Kimberly Niacaris, Stephanie Niacaris, Tammy Price, Moira Ward, Christopher Ward and Victoria Ward (collectively, "Defendants"), in the interest of minimizing expense and preserving the value of the proceeds of the insurance policies at issue in this action, have settled the dispute and stipulate and agree as set forth below. Accordingly, by agreement of the parties, the Court hereby orders as follows:

1. The Clerk shall withdraw the entire balance on deposit (less the applicable registry fee) and disburse the interpleader funds:

     a. To Plaintiffs in the amount of $12,000, by check made payable to "The Western and Southern Life Insurance Company." The check shall be mailed to The

Western and Southern Life Insurance Company c/o William T. Schemmel, 400 Broadway Avenue, Cincinnati, OH 45202; and

b. To Defendants in the amount of the remaining interpleader funds, by check payable to Defendants' counsel, "Alfred Wm. Schneble III." The check shall be mailed to Alfred Wm. Schneble III, 4100 Executive Park Drive, Suite 250, Cincinnati, OH 45241.

2. Upon disbursement of the interpleader funds, this case is hereby dismissed with prejudice, with each party to bear its own costs and fees except as specifically provided for herein.

3. Upon request of the parties, the Court retains jurisdiction to hear any disputes regarding enforcement of the parties' Settlement Agreement, which is attached hereto as **Exhibit 1**.

**IT IS SO ORDERED.**

Date:  January 12, 2022        s/Thomas M. Rose
                              JUDGE THOMAS M. ROSE
                              UNITED STATES DISTRICT JUDGE

AGREED BY COUNSEL FOR ALL PARTIES:


/s Eric W. Richardson
Eric W. Richardson (0066530)
Petra G. Bergman (0097990)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202
Telephone:      (513) 723-4019
Facsimile:      (513) 852-7885
Emails: ewrichardson@vorys.com
           pgbergman@vorys.com

*Attorneys for Plaintiffs The Western and
Southern Life Insurance Company and
Western-Southern Life Assurance
Company*

/s Alfred Wm. Schneble by /s Eric W.
Richardson per email authorization
Alfred Wm. Schneble III (0030741)
4100 Executive Park Drive, Suite 250
Cincinnati, OH 45241
Telephone:      (937) 222-1232
Facsimile:      (937) 222-5622
Email:  bud@ewsesq.com

*Attorney for Defendants Jamie Neely,
individually and on behalf of minors, B.N.
and W.N., Jeremy Neely, Robbin Neely,
Anthony Niacaris, The Estate of Kimberly
Niacaris, Stephanie Niacaris, Tammy
Price, Moira Ward, Christopher Ward and
Victoria Ward*

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("**Settlement Agreement**") is entered into by (1) The Western and Southern Life Insurance Company ("**WSLIC**") and Western-Southern Life Assurance Company ("**WSLAC**") and (2) Jamie Neely, individually and on behalf of minors, B███ N███ and W███ N███, Jeremy Neely, Robbin Neely, Anthony Niacaris, Kimberly Niacaris, Stephanie Niacaris, Tammy Price, Moira Ward, Christopher Ward and Victoria Ward (collectively, "**Beneficiaries**"). WSLIC, WSLAC, and the Beneficiaries, may each be referred to herein in the singular as a "Party," and they may further be referred to in the collective as the "Parties." This Agreement is effective as of the last date accompanying a Party's signature below (the "**Effective Date**").

**WHEREAS**, WSLIC and WSLAC issued to Barbara Neely the following annuity and life insurance policies: W0046416716, W0045180763, W0080569705, W0047358271, W0080554956, 80740355 ("**Policies**"); and

**WHEREAS**, WSLIC issued to Barbara Neely critical illness insurance policy 80556023 ("**Critical Illness Policy**"); and

**WHEREAS**, changes to the beneficiary designations of the Policies and Critical Illness Policy were made on May 30 and May 31, 2020; and

**WHEREAS**, Barbara Neely died on June 6, 2020; and

**WHEREAS**, the Beneficiaries made conflicting claims to the proceeds of the Policies and Critical Illness Policy; and

**WHEREAS**, WSLIC and WSLAC filed an interpleader action, styled *The Western and Southern Life Insurance Company, et el., v. Jamie Neely, et al.*, Case No. 3:21-cv-00059, in the United States District Court for the Southern District of Ohio ("**Interpleader**"); and

**WHEREAS**, WSLIC and WSLAC deposited the proceeds of the Policies totaling $658,783.88 with the Registry of the United States District Court for the Southern District of Ohio on November 1, 2021 ("**Interpleader Funds**"); and

**WHEREAS**, WSLIC and WSLAC have incurred legal fees in excess of $12,000; and

**WHEREAS**, the Parties now desire to fully and completely resolve all claims and disputes between them.

**THEREFORE**, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree, with the foregoing recitals incorporated by reference, as follows:

1

**EXHIBIT 1**

1. **Interpleader Disbursement**. The Parties shall file a joint motion for disbursement of interpleader funds and for entry of agreed order of dismissal within 10 days of the Effective Date, which directs disbursement of the Interpleader Funds as follows:

a. To WSLIC and WSLAC in the amount of $12,000, which accounts for a portion of the attorneys' fees incurred by WSLIC and WSLAC relative to the Interpleader, made payable to "The Western and Southern Life Insurance Company"; and

b. To Beneficiaries in the amount of the remaining Interpleader Funds, which amounts to approximately 646,783.88 (the Interpleader Funds less $12,000 that is to be paid to WSLIC and WSLAC as directed in subsection (a) of this Paragraph) ("**Beneficiary Disbursement**"), made payable to their counsel, "Alfred Wm. Schneble III" ("**Schneble**"). The Beneficiary Disbursement will be paid to Schneble per the Beneficiaries' retention agreement with their counsel for further disbursement by Schneble to the Beneficiaries according to the beneficiary designations set forth in Paragraph 2 of the Settlement Agreement.

2. **Policies**. The Beneficiaries agree that the following beneficiary designations are the operative beneficiary designations for the Policies:

a. The beneficiaries of Policy W0045180763 (with a value of $20,692.84 as of November 1, 2021) are Tammy Price, Robbin Neely, and Kimberly Niacaris in equal portions;

b. Tammy Price is the sole beneficiary of Policy W0046416716 (with a value of $2,937.95 as of November 1, 2021);

c. Tammy Price is the sole beneficiary of Policy W0080569705 (with a value of $2,756.82 as of November 1, 2021);

d. Tammy Price is the sole beneficiary of Policy W0047358271 (with a value of $3,350.26 as of November 1, 2021);

e. Tammy Price is the sole beneficiary of Policy 80740355 (with a value of $21,960.41 as of November 1, 2021); and

f. The beneficiaries of Policy W0080554956 (with a value of $607,085.60 as of November 1, 2021) are Robbin Neely (16.79%), Kimberly Niacaris (16.79%), Moira Ward (8.3%), Christopher Ward (8.3%), Victoria Ward (8.3%), Stephanie Niacaris (8.3%), Anthony Niacaris (8.3%), Jeremy Neely (8.3%), Jamie Neely (8.3%), B█ N█ (4.16%), and W█ N█ (4.16%).

3. **Critical Illness Policy**. The Beneficiaries agree that Tammy Price is the sole beneficiary of the Critical Illness Policy and, thus, is the sole person who has the right to file a claim for any benefits under the Critical Illness Policy and, if a claim is payable for a Critical Illness Insured Condition, she will be entitled to the benefit proceeds. Per the terms of the policy, if a claim is not payable for Critical Illness Insured Condition, Tammy Price will be paid in the amount equal to the refund of premiums paid for the Critical Illness Policy.

4. **No Admission of Liability**. This Settlement Agreement is entered into for purposes of settlement and compromise only. Neither this Settlement Agreement nor anything contained herein, nor any act or thing done in connection herewith, is intended to be or shall be construed or deemed to be an admission by any of the Parties of any liability, fault, or wrongdoing, or an admission by any of the Parties of any fact, allegation or claim whatsoever, nor shall this Settlement Agreement be used as evidence against the Parties in any future action for any purpose whatsoever other than for enforcement of this Settlement Agreement.

5. **Non-Disparagement**. Each Party agrees, subject to any obligation arising under applicable law, that it will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of any other Party or any of its respective agents, officers, directors, or employees, as applicable, and each Party further agrees that it will not knowingly provide information, issue statements, or take any other action related to another Party that is either intended or reasonably likely to result in harm, embarrassment, or humiliation to that Party.

6. **Releases**.

a. Release of WSLAC by the Beneficiaries. Subject to and in consideration of the promises and mutual releases set forth herein, the Beneficiaries, individually and, to the extent applicable, as beneficiaries of the Estate of Barbara Neely, on behalf of themselves and their heirs, executors, administrators, legal representatives, assigns, insurers and subrogees, do hereby fully and forever surrender, release, acquit, and discharge WSLAC, and its affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, from any and all claims, demands, actions, causes of action, damages, attorney fees, costs, expenses, debts, covenants, promises, agreements, and controversies of whatsoever kind and/or nature, at law and/or in equity, whether known or unknown, and whether now existing or which may hereafter accrue by reason of, relating to, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to or arising out of the Interpleader, Policies, and/or Critical Illness Policy.

b. Release of WSLIC by Neely, Niacaris, and Ward. Subject to and in consideration of the promises and mutual releases set forth herein, Jamie Neely, B███ N███, W█████ N███, Jeremy Neely, Robbin Neely, Anthony Niacaris, Kimberly Niacaris, Stephanie Niacaris, Moira Ward, Christopher Ward and Victoria Ward, individually and, to the extent applicable, as beneficiaries of the Estate of Barbara Neely, on behalf of themselves and their heirs, executors, administrators, legal representatives, assigns, insurers and subrogees, do hereby fully and forever surrender, release, acquit, and discharge WSLIC, and its affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, from any and all claims, demands, actions, causes of action, damages, attorney fees, costs, expenses, debts, covenants, promises, agreements, and controversies of whatsoever kind and/or nature, at law and/or in equity, whether known or unknown, and whether now existing or which may hereafter accrue by reason

of, relating to, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to or arising out of the Interpleader, Policies, and/or Critical Illness Policy.

        c.      Release of WSLIC by Price. Subject to and in consideration of the promises and mutual releases set forth herein, Tammy Price, individually and, to the extent applicable, as beneficiary of the Estate of Barbara Neely, on behalf of herself and her heirs, executors, administrators, legal representatives, assigns, insurers and subrogees, does hereby fully and forever surrender, release, acquit, and discharge WSLIC, and its affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, from any and all claims, demands, actions, causes of action, damages, attorney fees, costs, expenses, debts, covenants, promises, agreements, and controversies of whatsoever kind and/or nature, at law and/or in equity, whether known or unknown, and whether now existing or which may hereafter accrue by reason of, relating to, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to or arising out of the Interpleader and/or Policies. Tammy Price, individually, reserves, and does not release, any claims and/or defenses in connection with the Critical Illness Policy.

        d.      Release of the Beneficiaries by WSLAC. Subject to and in consideration of the promises set forth herein, WSLAC, and its affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, do hereby fully and forever surrender, release, acquit, and discharge the Beneficiaries, and their respective heirs, executors, administrators, legal representatives, assigns, insurers and subrogees from any and all claims, demands, actions, causes of action, damages, attorney fees, costs, expenses, debts, covenants, promises, agreements, and controversies of whatsoever kind and/or nature, at law and/or in equity, whether known or unknown, and whether now existing or which may hereafter accrue by reason of, relating to, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to or arising out of the Interpleader, Policies, and/or Critical Illness Policy.

        e.      Release of Price by WSLIC. Subject to and in consideration of the promises set forth herein, WSLIC, and its affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, do hereby fully and forever surrender, release, acquit, and discharge Tammy Price, and her respective heirs, executors, administrators, legal representatives, assigns, insurers and subrogees from any and all claims, demands, actions, causes of action, damages, attorney fees, costs, expenses, debts, covenants, promises, agreements, and controversies of whatsoever kind and/or nature, at law and/or in equity, whether known or unknown, and whether now existing or which may hereafter accrue by reason of, relating to, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to

or arising out of the Interpleader and/or Policies. WSLIC reserves, and does not release, any claims and/or defenses in connection with the Critical Illness Policy.

    f. <u>Release of Neely, Niacaris, and Ward by WSLIC</u>. Subject to and in consideration of the promises set forth herein, WSLIC, and its affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, do hereby fully and forever surrender, release, acquit, and discharge Jamie Neely, B█ N███, W███ N███, Jeremy Neely, Robbin Neely, Anthony Niacaris, Kimberly Niacaris, Stephanie Niacaris, Moira Ward, Christopher Ward and Victoria Ward, and their respective heirs, executors, administrators, legal representatives, assigns, insurers and subrogees from any and all claims, demands, actions, causes of action, damages, attorney fees, costs, expenses, debts, covenants, promises, agreements, and controversies of whatsoever kind and/or nature, at law and/or in equity, whether known or unknown, and whether now existing or which may hereafter accrue by reason of, relating to, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to or arising out of the Interpleader, Policies, and/or Critical Illness Policy.

    7. **Representations and Warranties**. The Parties hereby represent, warrant, and agree as follows:

    a. Each Party received competent and independent legal advice from its counsel regarding the meaning and legal effect of this Settlement Agreement and fully understands the same, and the Settlement Agreement, thus, should be interpreted in accordance with the fair meaning of its language and not strictly for, or against, any Party as the drafting Party;

    b. Each Party has the competency, ability, right and power to enter into this Settlement Agreement, and the person executing this Settlement Agreement on behalf of such Party has the full right and authority to enter into this Settlement Agreement and the full right and authority to execute all instruments provided for in this Settlement Agreement, and to fully bind such Party as to the terms and obligations of this Settlement Agreement. In accordance with this subsection, Jamie Neely represents that he is the parent and/or guardian of B█ N███ and W███ N███ and has full authority to act on behalf of B█ N███ and W███ N███ and to receive the amounts for the benefits of B█ N███ and W███ N███, respectively;

    c. Each Party is the sole and lawful owner of all right, title and interest in and to every claim or other matter which the Party purports to release herein, and has not assigned, transferred or encumbered or purported to assign, transfer or encumber, voluntarily or involuntarily, all or any portion of the claims, obligations or rights covered by this Settlement Agreement, to any other person or entity; and

    d. The Beneficiaries shall not ask, demand, request, initiate, assist, or otherwise support the Estate of Barbara Neely in any way, whether directly or indirectly, in any claims, demands, actions, causes of action, or controversies of any kind against WSLIC, WSLAC, or their affiliates, divisions, parents, subsidiaries, predecessors, successors and assigns, and each

of their respective current and former officers, directors, owners, shareholders, members, managing members, agents, employees, partners, principals, attorneys, insurers, reinsurers, and representatives, relating to, by reason of, or arising out of any facts, conduct, representations, statements, action, inaction or other circumstances or events relating to or arising out of the Interpleader, Policies, or Critical Illness Policy. The Parties enter this Settlement Agreement with the understanding that any and all beneficiaries of the Estate of Barbara Neely are included in the Beneficiaries such that any interest of the Estate of Barbara Neely is subsumed within, and released by, the releases set forth in Paragraph 6 of this Settlement Agreement. The Beneficiaries recognize that WSLIC and WSLAC have entered this Settlement Agreement in reliance on this express representation and warranty.

8.      **Knowing and Voluntary Act**.  The Parties represent that they enter into this Settlement Agreement in good faith and without knowledge of any reason why they will not be able to fulfill their obligations under this Settlement Agreement. The Parties acknowledge and agree that the releases set forth in Paragraph 6 of this Settlement Agreement are general releases.

9.      **Fees, Costs and Expenses**.  Except as set forth explicitly in this Settlement Agreement, all attorney fees, costs and expenses incurred in connection with the Interpleader and/or this Settlement Agreement and the transactions contemplated hereby shall be paid by the Party incurring such costs and expenses.

10.     **Successor and Assigns**.  This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and permitted assigns. No Party may assign any of its rights or obligations hereunder without the prior written consent of the other Parties hereto.

11.     **Amendment and Modification; Waiver**.  This Settlement Agreement may only be amended, modified or supplemented by an agreement in writing signed by each Party hereto. No waiver by any Party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the Party so waiving. Except as otherwise set forth in this Settlement Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power or privilege arising from this Settlement Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

12.     **Severability**.  If any term or provision of this Settlement Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Settlement Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the Parties hereto shall negotiate in good faith to modify this Settlement Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

13.     **Governing Law; Venue**. The Parties agree that this Settlement Agreement will be construed and enforced under the procedural and substantive laws of the State of Ohio, without

regard to conflict of law principles that would result in the application of any law other than the law of the State of Ohio. Any dispute arising under or related to this Agreement shall be brought in the United States District Court for the Southern District of Ohio, or if such court lacks jurisdiction, in the Court of Common Pleas, Hamilton County, Ohio. Each of the Parties consents to the exclusive jurisdiction and venue of such courts and waives any objection to jurisdiction or venue in such courts.

14. **Entire Agreement**. This Settlement Agreement constitutes the sole and entire agreement of the Parties to this Settlement Agreement with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, with respect to such subject matter.

15. **Recitals**. The recitals to this Settlement Agreement are incorporated and made a part of this Settlement Agreement.

16. **Counterparts**. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Settlement Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Settlement Agreement.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the latest date written below.

Dated: 1/6/2022

**THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY**

By: Jeffrey L. Stainton

Title: Vice President & Associate General Counsel

Signature:

By: Kevin L. Howard

Title: Vice President & Deputy General Counsel

Signature:

Dated: 1/6/2022

**WESTERN-SOUTHERN LIFE ASSURANCE COMPANY**

By: Jeffrey L. Stainton

Title: Vice President & Associate General Counsel

Signature:

By: Kevin L. Howard

Title: Vice President & Deputy General Counsel

Signature:

8

Dated: _____          **TAMMY PRICE**:

                              _____
                              Name: Tammy Price

Dated: _____          **JAMIE NEELY:**

                              _____
                              Name: Jamie Neely

Dated: _____          **B████ N████:**

                              _____
                              Name: Jamie Neely, as parent and guardian on
                              behalf of minor B██ N██

Dated: _____          **W██████ N████:**

                              _____
                              Name: Jamie Neely, as parent and guardian on
                              behalf of minor W████ N██

Dated: _____          **JEREMY NEELY:**

                              _____
                              Name: Jeremy Neely

9

Dated: _____          **ROBBIN NEELY:**

                                _____
                                Name: Robbin Neely


Dated: _____          **ANTHONY NIACARIS:**

                                _____
                                Name: Anthony Niacaris


Dated: _____          **KIMBERLY NIACARIS:**

                                _____
                                Name: Kimberly Niacaris


Dated: _____          **STEPHANIE NIACARIS:**

                                _____
                                Name: Stephanie Niacaris


Dated: _____          **MOIRA WARD:**

                                _____
                                Name: Moira Ward

Dated: _____                    **VICTORIA WARD:**

                                          _____
                                          Name: Victoria Ward


Dated: _____                    **CHRISTOPHER WARD:**

                                          _____
                                          Name: Christopher Ward

Dated: _____          **ROBBIN NEELY:**

                              _____

                              Name: Robbin Neely

Dated: _____          **ANTHONY NIACARIS:**

                              _____

                              Name: Anthony Niacaris

Dated: 12-21-2021            **KIMBERLY NIACARIS:**

                              _____

                              Name: Kimberly Niacaris
                              GERALD W. HAYES JR,
                              ADMINSTRATER OF
                              ESTATE OF Kimberly NIACARIS
                              DECEASED

Dated: _____          **STEPHANIE NIACARIS:**

                              _____

                              Name: Stephanie Niacaris

Dated: _____          **MOIRA WARD:**

                              _____

                              Name: Moira Ward

10

**STATE OF NORTH CAROLINA**

File No.

21E1059

In The General Court Of Justice
Superior Court Division
Before the Clerk

HARNETT _____ County

| IN THE MATTER OF THE ESTATE OF: |
| --- |

Name
KIMBERLY NEELY NIACARIS

**LETTERS**

OF ADMINISTRATION

G.S. 28A-6-1; 28A-6-3; 28A-11-1; 36C-2-209

The Court in the exercise of its jurisdiction of the probate of wills and the administration of estates, and upon application of the fiduciary, has adjudged legally sufficient the qualification of the fiduciary named below and orders that Letters be issued in the above estate.

The fiduciary is fully authorized by the laws of North Carolina to receive and administer all of the assets belonging to the estate, and these Letters are issued to attest to that authority and to certify that it is now in full force and effect.

Witness my hand and the Seal of the Superior Court.

| Name And Address Of Fiduciary 1<br>GERALD W. HAYES JR<br>111 COMMERCE DRIVE | Date Of Qualification<br>12/09/2021 |
| --- | --- |
| DUNN                    NC      28334 | Clerk Of Superior Court<br>RENEE WHITTENTON |
| Title Of Fiduciary 1<br>ADMINISTRATOR | **EX OFFICIO JUDGE OF PROBATE** |
| Name And Address Of Fiduciary 2 | Date Of Issuance<br>12/09/2021 |
| | Signature |
| Title Of Fiduciary 2 | ☒ Deputy CSC     ☐ Assistant CSC     ☐ Clerk Of Superior Court |

**SEAL**

NOTE: *This letter is not valid without the official seal of the Clerk of Superior Court.*

AOC-E-403, Rev. 7/06,
© 2006 Administrative Office of the Courts

Dated: 13 Dec 2021

**TAMMY PRICE:**

Name: Tammy Price

Dated: 25 Nov 2021

**JAMIE NEELY:**

Name: Jamie Neely

Dated: 25 Nov 2021

**B███ N███:**

Name: Jamie Neely, as parent and guardian on behalf of minor B███ N███

Dated: 25 Nov 2021

**W███ N███:**

Name: Jamie Neely, as parent and guardian on behalf of minor W███ N███

Dated: 25 Nov 2021

**JEREMY NEELY:**

Name: Jeremy Neely

9

Dated:

12-12-21

**VICTORIA WARD:** V. ward

Name: Victoria Ward

Dated:

**CHRISTOPHER WARD:**

Name: Christopher Ward

1

Dated: _____

**VICTORIA WARD:**

_____

Name: Victoria Ward

Dated: 12/11/2021

**CHRISTOPHER WARD:**

_____

Name: Christopher Ward

11

Dated: _____                    **ROBBIN NEELY:**

                                      _____

                                      Name: Robbin Neely

Dated: _11/27/21_                     **ANTHONY NIACARIS:**

                                      _____

                                      Name: Anthony Niacaris

Dated: _____                    **KIMBERLY NIACARIS:**

                                      _____

                                      Name: Kimberly Niacaris

Dated: _____                    **STEPHANIE NIACARIS:**

                                      _____

                                      Name: Stephanie Niacaris

Dated: _____                    **MOIRA WARD:**

                                      _____

                                      Name: Moira Ward

10

Dated:                          B██ N████:

                                Name: Jamie Neely, as parent and guardian on
                                behalf of minor B██ N█

Dated:                          W██████ N████:

                                Name: Jamie Neely, as parent and guardian on
                                behalf of minor W████ N███

Dated:                          **JEREMY NEELY:**

                                Name: Jeremy Neely

Dated:                          **ROBBIN NEELY:**

                                Name: Robbin Neely

Dated:                          **ANTHONY NIACARIS:**

                                Name: Anthony Niacaris

Dated:                          **KIMBERLY NIACARIS:**

                                Name: Kimberly Niacaris

Dated: 11-23-2                  **STEPHANIE NIACARIS:**

                                Name: Stephanie Niacaris

Dated:                          **MOIRA WARD:**

Dated: _____

**TAMMY PRICE**:

_____

Name: Tammy Price


Dated: _25 Nov 2021_

**JAMIE NEELY:**

_____

Name: Jamie Neely


Dated: _25 Nov 2021_

**B██ N███:**

_____

Name: Jamie Neely, as parent and guardian on
behalf of minor B██ N███


Dated: _25 Nov 2021_

**W████ N███:**

_____

Name: Jamie Neely, as parent and guardian on
behalf of minor W████ N███


Dated: _25 Nov 2021_

**JEREMY NEELY**:

_____

Name: Jeremy Neely


9

Dated: 11-25-2021

**ROBBIN NEELY:**

Name: Robbin Neely

Dated: _____

**ANTHONY NIACARIS:**

Name: Anthony Niacaris

Dated: _____

**KIMBERLY NIACARIS:**

Name: Kimberly Niacaris

Dated: _____

**STEPHANIE NIACARIS:**

Name: Stephanie Niacaris

Dated: _____

**MOIRA WARD:**

Name: Moira Ward

10

Name: Kimberly Niacaris

Dated:            **STEPHANIE NIACARIS:**

Name: Stephanie Niacaris

Dated: 12/15/21    **MOIRA WARD:**

Name: Moira Ward

Dated:

           **VICTORIA WARD:**

Name: Victoria Ward

Dated:            **CHRISTOPHER WARD:**

Name: Christopher Ward

]

Dated:            **TAMMY PRICE**:

Name: Tammy Price

Dated:            **JAMIE NEELY**:

Name: Jamie Neely

Dated:            **B███ N████**:

Name: Jamie Neely, as parent and guardian on behalf of minor B███ N████

Dated:            **W██████ N████**:

Name: Jamie Neely, as parent and guardian on behalf of minor W█████ N████

Dated:            **JEREMY NEELY**:

Name: Jeremy Neely

Dated:            **ROBBIN NEELY**:

Name: Robbin Neely

Dated:            **ANTHONY NIACARIS**:

Name: Anthony Niacaris

Dated:            **KIMBERLY NIACARIS**: